UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES PATTERSON,

Plaintiff,

v.

WEX, INC.,

Defendant.

Case No. 25-cv-08557-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff sues Defendant WEX Health for allegedly charging users of its platform fees that exceed statutory maximums, delaying disclosure of those fees, and characterizing the fees as processing fees. In the present motion to dismiss each of Plaintiff's claims, Defendant argues no reasonable consumer could be deceived by Defendant's representations about its fees, Plaintiff's claims do not meet the requisite heightened pleading standards for fraud, the CLRA is not applicable, and Plaintiff has not established standing for injunctive relief. For the reasons set forth below, except as to the last, Defendant's arguments fail. The motion is granted in part with leave to amend as to Plaintiff's UCL and FAL claims and denied as to the rest.

## II. BACKGROUND[1]

The Consolidated Omnibus Budget Reconciliation Act ("COBRA") allows qualified workers and their families to continue their group health insurance temporarily after a qualifying

---

[1] This Order accepts the allegations in the Complaint as true unless otherwise noted.

United States District Court
Northern District of California

change in eligibility such as job loss or death of the covered employee. Individuals may continue their healthcare coverage pursuant to their rights under COBRA in exchange for monthly premium payments. Federal law sets out that the maximum that can be charged to COBRA participants is the entire premium, including 100% of the cost of insurance coverage, plus a 2% administrative fee. Failure to make the monthly premium payment by the deadline results in termination of COBRA coverage.

Defendant WEX Health ("WEX") assists third-party employers in their administration of COBRA benefits. It offers an election and premium payment platform that allows eligible COBRA beneficiaries to enroll and pay for COBRA benefits ("Platform Users"). Platform Users can pay their plan premiums via recurring online debit card or ACH payments, one-time online payments, or check or money order sent by mail. Recurring online debit card or ACH payments and payments sent by mail do not incur a processing fee. However, every one-time online payment requires an additional $20.00 processing fee: the Online Payment Processing ("OPP") Fee. If a consumer desires to pay six months of premium payments on the same day, they must make six separate online payments, resulting in $120.00 in OPP Fees.

Plaintiff is a Platform User who incurred OPP Fees in connection with making one-time online COBRA payments via the WEX's online payment platform. Plaintiff alleges that WEX does not warn Platform Users of the OPP Fee until the final payment screen—after signing up for COBRA—and that "[r]easonable consumers… proceed to checkout without becoming aware of Defendant's OPP Fee[.]" Dkt. 1, Complaint, at ¶ 20. Plaintiff also alleges that after announcing the OPP Fee, WEX fails to inform Platform Users reasonably of alternative forms of payment by which the fee may be avoided.

Plaintiff also alleges that the OPP Fee often exceeds the 2% administrative fee limit set by federal law. In July 2025, Plaintiff's monthly premium for continuing healthcare coverage under COBRA was $804.11. The $20.00 OPP Fee was 2.5% of his premium that month.

Plaintiff brings suit against WEX on behalf of a proposed class of similarly situated users and avers fraud, unjust enrichment, and violations of the California Consumer Legal Remedies

ORDER GRANTING IN PART MTD
CASE NO. 25-cv-08557-RS

2

Act ("CLRA"), California Unfair Competition Law ("UCL"), and California False Advertising Law ("FAL"). He seeks injunctive relief and compensatory, statutory, punitive, and treble damages as well as restitution and disgorgement.

WEX makes the instant motion to dismiss based on the following positions: as a matter of law, no reasonable consumer could proceed through its platform without becoming aware of the OPP Fee; Plaintiff fails to identify any false or misleading statement or advertisement; insurance benefits are not goods or services under the CLRA; Plaintiff does not have standing for injunctive relief; and unjust enrichment is superfluous and not a standalone cause of action under California law. Based on these positions, WEX moves to dismiss each of Plaintiff's claims.

### III. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief, Fed. R. Civ. P. 8(a), and "giv[ing] the defendant fair notice of what the… claim is and the grounds upon which it rests," *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Additionally, when a party lodges "allegations of fraud or mistake," that party "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In this setting, a plaintiff must plead "the who, what, when, where, and how that would suggest fraud." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted).

United States District Court
Northern District of California

While more exacting than the burden imposed by Rule 8(a), this standard is not insurmountable. Instead, where plaintiffs have "placed [d]efendants on sufficient notice to respond to the alleged fraud… their allegations meet Rule 9(b)." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020).

In dismissing a complaint, leave to amend must be granted unless it is clear the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir.1996). When the "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir.2009) (quoting *In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1097–98 (9th Cir.2002)).

## IV. JURISDICTION

Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), federal courts have original jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5 million. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). Plaintiff avers the proposed class is comprised of at least 100 members, at least one member of the proposed class is a citizen of a state other than California, and the aggregate claims exceed $5 million. Accordingly, jurisdiction in federal court is proper.

## V. DISCUSSION

**A. Plaintiff's UCL and FAL claims fail for lack of sufficient remedies.**

Although both damages and equitable relief are available under the CLRA, *see* Cal. Civ. Code § 1780(a), "[t]he remedies available in a UCL or FAL action are limited to injunctive relief and restitution," *see In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130, 103 Cal.Rptr.3d 83 (2009). A "previously deceived consumer" who "now knows or suspects that the [defendant's] advertising was false at the time of the original purchase" may establish standing for injunctive

United States District Court
Northern District of California

relief by plausibly alleging that: (1) "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to"; or (2) "she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018).

Here, Plaintiff has not alleged that in the future he might purchase COBRA through WEX's online payment platform or would like to. *Contrast In re Theos Dark Chocolate Litig.*, 750 F. Supp. 3d 1069, 1084 (N.D. Cal. 2024) (Plaintiffs had standing for injunctive relief in a misleading advertisement suit because plaintiff alleged he " 'would be willing to purchase Theo dark chocolate bars in the future if [he] could be confident that any future labeling claims and omissions suggesting the absence of heavy metals in the Products were true.' ") (citing to the complaint). Accordingly, Plaintiff has not established standing for injunctive relief.

Plaintiff's claims for restitution cannot provide the basis for Plaintiff's UCL and FAL claims either because Plaintiff has not pleaded facts plausibly establishing that legal remedies are inadequate. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm[.]"). Plaintiff has " 'failed to explain how damages [are] inadequate to compensate' for the 'exact same alleged harm that form[s] the basis of his request for restitutionary' relief." *Nacarino v. KSF Acquisition Corp.*, 642 F. Supp. 3d 1074, 1083 (N.D. Cal. 2022) (quoting *Huu Nguyen v. Nissan N. Am., Inc.*, No. 16-CV-05591-LHK, 2017 WL 1330602, at *4-5 (N.D. Cal. Apr. 11, 2017)) (cleaned up).

Accordingly, Defendant's motion to dismiss with respect to Plaintiff's UCL and FAL claims and prayers for injunctive relief is granted. Leave to amend is granted because Plaintiff may be able to allege an intent to purchase that meets the requirements of Article III.

**B. Reasonable consumers are not unlikely to be deceived as a matter of law.**

Conduct that is considered deceptive or misleading runs afoul of the CLRA (as well as the FAL and fraudulent prong of the UCL) when it is "likely to deceive" a "reasonable consumer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). *See also Hill v. Roll Internat.*

*Corp.*, 195 Cal. App. 4th 1295, 1304 (2011). The plaintiff must "show that members of the public are likely to be deceived." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951, 45 P.3d 243, 250 (2002), *as modified* (May 22, 2002) (internation citations and quotation marks omitted) (discussing claims under the FAL and fraudulent prong of the UCL); *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680, 38 Cal. Rptr. 3d 36, 46 (2006), *as modified on denial of reh'g* (Jan. 31, 2006) (internal citations and quotation marks omitted) ("The standards for determining whether a representation is misleading under the False Advertising Law, apply equally to claims under the CLRA. Conduct that is likely to mislead a reasonable consumer thus violates the CLRA.").

" 'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 508, 129 Cal.Rptr.2d 486 (2003). "A reasonable consumer is the ordinary consumer acting reasonably under the circumstances, [who] is not versed in the art of inspecting and judging a product, [or] in the process of its preparation or manufacture." *Colgan*, 135 Cal.App.4th at 682 (internal citations and quotation marks omitted). "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision" on a motion to dismiss unless, as Defendant argues, as a matter of law, members of the public are not likely to be deceived by the alleged conduct. *Williams v. Gerber Prods. Co.*,552 F.3d 934, 938 (9th Cir. 2008).

Here, Defendant's arguments that no reasonable consumer could be deceived by the OPP Fee focus on Defendant's disclosure of the OPP Fee. However, Plaintiff's allegations of deception include Defendant's descriptions of the fee. Plaintiff avers that calling the OPP Fee a "processing fee" is deceptive when it comes on top of a 2% administrative fee and is tacked onto each one-time monthly premium paid through the online payment portal, no matter the payment method, and even when paying multiple monthly premiums at the same time. In short, Plaintiff plausibly alleges that the Defendant deceptively characterizes the OPP Fee as a necessary "processing" fee for online payments when it is instead an additional charge unrelated to Defendant's transaction

ORDER GRANTING IN PART MTD
CASE NO. 25-cv-08557-RS

costs. *See e.g., Harvey v. World Mkt.*, LLC, No. 25-CV-01242-CRB, 2025 WL 1359066, at *6 (N.D. Cal. May 9, 2025) (Plaintiff sufficiently alleged a CLRA claim based on defendant deceptively characterizing certain fees as shipping costs to consumers when those purported shipping costs were not actually incurred and the fees were instead based upon the sale price.).

Moreover, as Defendant's own briefing concedes, Defendant's OPP Fee disclosures appear only after a user has signed up for COBRA, created a profile, seen the due date and the amount of their next payment, which does not include the OPP Fee, and selected "Make Payment" rather than "Recurring Payments." Dkt. 19, Motion to Dismiss, at 7–8. Advertising the payment amount without the OPP Fee plausibly alleges a claim under the CLRA. *See e.g., Chowning v. Tyler Technologies, Inc.*, No. 4:25-CV-04009-YGR, 2025 WL 3496690 (N.D. Cal., Dec. 5, 2025) (denying motion to dismiss CLRA, FAL, and UCL fraud claims based on an additional reservation fee displayed to a customer only after clicking "Book Now"); *Mansfield v. StockX LLC*, 802 F.Supp.3d 1143, 1156 (N.D. Cal. 2025) (denying motion to dismiss CLRA claim based on defendant "initially advertis[ing] the shoes at an artificially low price that it never intended to honor" and revealing the existence of the processing fee only after the customer clicked "Buy or Bid"). *See also* 2023 Cal. Legis. Serv. Ch. 400 (S.B. 478) (California legislature acknowledging in the preamble to the Honest Pricing Act that "drip pricing, which involves advertising a price that is less than the actual price that a consumer will have to pay for a good or service[,]" "like other forms of bait and switch advertising, is prohibited by existing statutes, including the [UCL] and the [FAL]."). In sum, Plaintiff has plausibly alleged a consumer is likely to be deceived by Defendant's OPP Fee based on either Defendant's characterization of the OPP Fee or delayed disclosure.

**C. Plaintiff satisfies the heightened pleading standards for fraud.**

Plaintiff's CLRA claim sounds in fraud. It depends on allegations that WEX deceptively fails to disclose the processing fee earlier in the user flow and deceptively characterizes it as a "processing" fee. *See e.g.,* Dkt. 1, Complaint, at ¶ 49 ("WEX imposes inadequately disclosed, *deceptive* and unfair junk fees on consumers and their families who are *coerced into believing* that they have no choice but to pay them.") (emphases added). Claims which sound in fraud must

ORDER GRANTING IN PART MTD
CASE NO. 25-cv-08557-RS

7

satisfy the heightened pleading requirements of Rule 9(b).

Plaintiff meets the heightened Rule 9(b) pleading standard by alleging the who, what, where, and when of WEX's alleged deceptive conduct, giving WEX sufficient notice of how to respond. *See Cooper*, 137 F.3d at 627. Plaintiff alleges that WEX (the who) was deceptive on its online platform (the where) during the class period including July 2025 (the when) in its disclosure and characterization of the OPP Fee (the what). Specifically, Plaintiff alleges the "what" of the deceptive conduct as WEX's purportedly late disclosure of the OPP Fee after a user has signed up for COBRA and begun making payment selections and purportedly deceptive characterization of that fee as an unavoidable processing fee. This is sufficient to satisfy the heightened requirements of Rule 9(b).

### D. WEX's COBRA-related service in exchange for the OPP Fee plausibly constitutes a sale of services to Plaintiff under the CLRA.

WEX argues that the CLRA does not apply because there was no "transaction," as required by the CLRA, "intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a); Dkt. 19, Motion to Dismiss, at 18. WEX also argues the CLRA does not apply because "insurance benefits… are not goods or services subject to the CLRA." *Id.* at 18 (citing *Fairbanks v. Superior Ct.*, 46 Cal. 4th 56, 60, 205 P.3d 201, 202–03 (2009)).

However, WEX cannot have it both ways. WEX elsewhere insists, in order to argue that it is not subject to statutory maximums for COBRA administration fees, that the "OPP Fee is not a payment required by Plaintiff's group health plan" or "part of the premium for COBRA continuation coverage" but rather it "is instead an optional payment processing fee" for choosing to use the WEX's online platform to pay for COBRA coverage. Dkt. 19, Motion to Dismiss, at 20. In other words, the OPP Fee is a fee for WEX's service: WEX processes COBRA payments online and sells that service to Plaintiff and other Platform Users. Accordingly, the CLRA does apply.

### E. Unjust Enrichment claim survives.

Finally, while the viability of "unjust enrichment" as a standalone claim remains a matter

of some dispute, there is no basis to dismiss it here where underlying claims remain. Even if that were not the case, an unjust enrichment claim may be construed as a quasi-contract claim, which is a viable claim for relief in California. *See ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Here, Plaintiff adequately alleges that WEX received and unjustly retained a benefit, the OPP Fees, at Plaintiff's expense, sufficiently supporting a standalone unjust enrichment claim construed as quasi-contract claim seeking restitution. Accordingly, the motion to dismiss is denied as to Plaintiff's unjust enrichment claim.

## F.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted with leave to amend as to Plaintiff's UCL and FAL claims and denied as to the rest.

**IT IS SO ORDERED**.

Dated: February 10, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

ORDER GRANTING IN PART MTD
CASE NO. 25-cv-08557-RS

9